UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NOEL DAVILA,                      :
                                  :
    Plaintiff,                    :
                                  :     PRISONER
V.                                :     Case No. 3:06-CV-601(RNC)
                                  :
UCONN MEDICAL CENTER, et al.,     :
                                  :
    Defendants.                   :

RULING AND ORDER

Plaintiff Noel Davila, an inmate at Corrigan-Radgowski Correctional Facility ("Corrigan"), brings this action under 42 U.S.C. § 1983, claiming deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Plaintiff has filed a motion for a temporary restraining order requiring the defendants to give him Percocet, physical therapy, and a new knee brace. [Doc. #4]. In addition, he has filed a motion for declaratory judgment seeking essentially the same relief. [Doc. #12]. For the reasons that follow, both motions are denied.

I.   Motion for Temporary Restraining Order [Doc. #4]

"[I]nterim injunctive relief is an 'extraordinary and drastic remedy which should not be routinely granted.'" Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir. 1981) (citations omitted). When a party seeks a mandatory injunction, or the injunction requested "will provide the movant with substantially all the relief sought, and that relief cannot

be undone even if the defendant prevails at a trial on the merits," the moving party must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) a "clear" or "substantial" showing of a likelihood of success on the merits. Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996)(citations omitted); Brewer v. W. Irondequoit Cent. Sch. Dist., 212 F.3d 738, 743-44 (2d Cir. 2000). Plaintiff has not satisfied either of these requirements.[1]

Plaintiff suffers from a knee injury he sustained before his current incarceration, which requires him to wear a knee brace and take pain medication. He has been given a knee brace but contends it is "falling apart." [Doc. #17 Ex. 1 ¶ 16, Doc. #19 ¶ 8]. He also receives pain medication but claims it is not effective and must be replaced with Percocet. [Doc. #17 Ex. 1 ¶ 20, Ex. 2 ¶ 15, Doc. #19 ¶ 9]. Plaintiff has been told to do rehabilitative exercises but claims he requires physical therapy. [Doc. #17 Ex. 1 ¶ 17]. Plaintiff offers no evidence to support his claims other than his own affidavit.

Defendants submit the affidavit of plaintiff's treating physician, Dr. Ganpat Chouhan, who states that plaintiff has been examined and x-rayed on several occasions, and that the proper

---

[1] A motion for injunctive relief may be denied without a hearing when it is apparent from the record that there is no factual dispute requiring an evidentiary hearing. See Lebron v. Armstrong, 289 F. Supp. 2d 56, 59-60 (D. Conn. 2003).

2

treatment is for plaintiff to follow a prescribed exercise regimen, continue to wear his current knee brace, and restrict his physical activity. [Doc. #17 Ex. 1 ¶¶ 12-17]. Dr. Chouhat further states that Percocet, being a narcotic, is not an appropriate medication for plaintiff. [Doc. #17 Ex. 1 ¶ 20]. Plaintiff offers no evidence to contradict Dr. Chouhat's sworn statements.

On the current record, this appears to be a case in which plaintiff's medical needs are being attended to but he disagrees with his doctor's choices regarding appropriate forms of treatment. This type of disagreement does not provide a basis for a constitutional claim. See Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998). As long as the treatment plaintiff receives is adequate, the fact that he "might prefer a different treatment does not give rise to an Eighth Amendment violation." Id. Plaintiff has not shown that the treatment he is receiving is constitutionally inadequate. Therefore, he is not entitled to interim injunctive relief.

II. Motion for Declaratory Judgment [Doc. #12]

Plaintiff's motion for declaratory judgment merely repeats the allegations contained in his motion for a temporary restraining order. He presents no additional evidence. Defendants' response to the motion, on the other hand, includes substantial evidence refuting plaintiff's allegations. On this

3

record, plaintiff is no more entitled to declaratory relief than he is to interim injunctive relief.

III. Conclusion

For the foregoing reasons, plaintiff's motions for a temporary restraining order [doc. #4], and declaratory judgment [doc. #12] are hereby denied.

So ordered this 26th day of March 2007.

/s/
Robert N. Chatigny
United States District Judge