UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NOEL DAVILA,                         :
                                     :
    Plaintiff,                       :
                                     :    PRISONER
V.                                   :    Case No. 3:06-CV-601(RNC)
                                     :
UCONN MEDICAL CENTER, et al.,        :
                                     :
    Defendants.                      :

RULING AND ORDER

Plaintiff Noel Davila, a Connecticut inmate proceeding pro se, brings this action under 42 U.S.C. § 1983 claiming deliberate indifference to his serious medical needs in violation of the Eighth Amendment. The pro se complaint also refers to claims of negligence and malpractice under state law. Defendants have filed a motion for summary judgment. [Doc. #70]. For the reasons that follow, the motion is granted with regard to the § 1983 claims, which are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over any state law claims, which are dismissed without prejudice.

I. Background

The summary judgment record, viewed most favorably to the plaintiff, would permit a jury to find the following facts.

Plaintiff suffers from a knee injury he sustained before his current incarceration, which requires him to wear a knee brace and take pain medication. He has been given a knee brace but

contends it is "falling apart." [Doc. #17 Ex. 1 ¶ 16, Doc. #19 ¶ 8]. He also receives pain medication but claims it is not effective and must be replaced with Percocet. [Doc. #17 Ex. 1 ¶ 20, Ex. 2 ¶ 15, Doc. #19 ¶ 9]. Plaintiff has been told to do rehabilitative exercises but claims he requires physical therapy. [Doc. #17 Ex. 1 ¶ 17]. Plaintiff offers no evidence to support his claims other than his own affidavit.

Defendants submit the affidavit of plaintiff's treating physician, Dr. Ganpat Chouhan, who states that plaintiff has been examined and x-rayed on several occasions, and that the proper treatment is for plaintiff to follow a prescribed exercise regimen, continue to wear his current knee brace and restrict his physical activity. [Doc. #17 Ex. 1 ¶¶ 12-17]. Dr. Chouhat further states that Percocet, being a narcotic, is not an appropriate medication for plaintiff. [Doc. #17 Ex. 1 ¶ 20]. Plaintiff offers no competent evidence to contradict Dr. Chouhat's sworn statements.

Plaintiff has also been examined by a qualified orthopedic surgeon, Dr. Augustus D. Mazzocca, who ordered x-rays, an MRI, and a nerve conduction study. [Doc. #80 Aff. of Dr. Augustus D. Mazzocca ¶¶ 7-16]. These tests and Dr. Mazzocca's physical examination revealed no reason why plaintiff is unable to walk or suffers the level of pain he claims. Id. at ¶¶ 18-20. Dr. Mazzocca concurs with Dr. Chouhat's treatment plan. Id. at ¶¶

2

21-24.

II. Standard of Review

Summary judgment may be granted when there is no "genuine issue as to any material fact" and the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To withstand a properly supported motion for summary judgment, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). In opposing summary judgment, plaintiff must not "replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit" but must instead must offer "significant probative evidence tending to support the complaint." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990)(internal quotations omitted).

In evaluating the evidence, the court "resolve[s] all ambiguities and draw[s] all permissible factual inferences in favor of the party against whom summary judgment is sought." Patterson v. County of Oneida, 375 F.3d 206, 219 (2d Cir. 2004). When the nonmoving party is proceeding pro se, the court reads the pro se party's papers liberally and interprets them to raise the strongest arguments they suggest. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Nonetheless, a "bald assertion," unsupported by evidence, cannot overcome a properly supported motion for summary judgment. Carey v. Crescenzi, 923 F.2d 18, 21

(2d Cir. 1991).

III. Discussion

Deliberate indifference by prison officials to a prisoner's serious medical need constitutes cruel and unusual punishment in violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To prevail on such a claim, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference" to a serious medical need. Id. at 106. Negligence on the part of prison officials does not support a deliberate indifference claim. See Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003) ("[T]he Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law...."). An inmate's disagreement with a treating physician's choice of treatment is similarly insufficient to support a constitutional claim. See Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986); see also Estelle, 429 U.S. at 105-06.

The record in this case reflects a situation in which plaintiff's medical needs are being attended to but he disagrees with his doctors' choices regarding appropriate forms of treatment. This type of disagreement simply does not provide a basis for a constitutional claim. See Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998). As long as the treatment plaintiff receives is adequate, the fact that he "might prefer a different treatment does not give rise to an Eighth Amendment violation."

4

Id.

Plaintiff complains that he has not received pain medication for his chronic severe knee pain. Plaintiff's medical records show that he has been offered numerous pain relievers, but has refused to take them, demanding Percocet instead. Plaintiff asserts that he is allergic to aspirin, ibuprofin and codeine, but he points to no medical evidence to support his assertion. Plaintiff's bare assertion that he is allergic to these pain relievers, even if credited, would not permit a reasonable jury to find that he has a constitutional right to receive Percocet.

Plaintiff claims that he has received inadequate treatment for his knee injury. Plaintiff's medical records and the affidavits of his attending physicians show that his knee has been evaluated by x-ray, MRI and a nerve conduction study, none of which show the existence of a serious injury. Plaintiff asserts that he has never been given a knee brace, but the record shows that he has received a brace and a cane, and that the brace has been repaired when necessary. The record also shows that plaintiff continues to use a wheelchair against doctors' orders.

In short, plaintiff has not presented evidence to support his claim that defendants' have acted with deliberate indifference to serious medical needs in violation of the Eighth Amendment.

IV. Conclusion

Accordingly, defendants' motion for summary judgment [Doc. # 70] is hereby granted and the § 1983 claims are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over any state law claims, which are dismissed without prejudice. The Clerk will enter judgment and close the file.

So ordered this 15th day of October 2008.

/s/ RNC
Robert N. Chatigny
United States District Judge